

## NUMBER 13-19-00237-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

DALLAS SHANE CURLEE,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                    Appellee.

On appeal from the 24th District Court
of Jackson County, Texas.

## OPINION ON REMAND

Before Justices Benavides, Longoria, and Tijerina
Opinion on Remand by Justice Benavides

This cause is before this Court on remand from the Texas Court of Criminal

Appeals. *See Curlee v. State*, 620 S.W.3d 767, 788 (Tex. Crim. App. 2021) (*Curlee II*).

Appellant Dallas Shane Curlee challenged his conviction for possession of a controlled

substance in penalty group one, methamphetamine, in a drug-free zone, a third-degree

felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(c). His punishment was enhanced to a second-degree felony based on prior convictions alleged in the indictment. *See* TEX. PENAL CODE ANN. § 12.42(a).

On original submission, Curlee raised three issues before us: (1) the evidence was insufficient to show he had possession of the controlled substance; (2) the evidence was insufficient to establish the requirements of the drug-free zone enhancement; and (3) the trial court erred by failing to hold a hearing on his motion for new trial. We affirmed. *Curlee v. State*, 622 S.W.3d 433, 439 (Tex. App.—Corpus Christi–Edinburg 2020) (*Curlee I*). The court of criminal appeals reversed our judgment as it related to the requirements of the drug-free zone, holding that "there must be sufficient evidence to show each of the elements of the statute's definition of 'playground.' None of the elements, including the 'open to the public' element, may be presumed." *Curlee II*, 620 S.W.3d at 788. The court of criminal appeals found that a "rational jury could not conclude, beyond a reasonable doubt, that the playground was 'open to the public' based on the evidence presented at trial." *Id.* at 775.

Because the court of criminal appeals did not disturb our rulings on Curlee's first issue, regarding his possession of the controlled substance, and his third issue, relating to his motion for new trial, we leave those holdings intact. *See Curlee I*, 622 S.W.3d at 439. Therefore, the the evidence regarding a drug-free zone is insufficient, the judgment is reversed, and we remand for further proceedings on that issue consistent with this opinion. *See Curlee II*, 620 S.W.3d at 788.

GINA M. BENAVIDES
Justice

Publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
14th day of October, 2021.